JOHN RITTER, Appellant; *against* SIGISMUND GALITZEN-
STEIN, Respondent.

(Decided February 1st, 1886).

In an action for an alleged breach of an agreement between copartners,
set out in the complaint, that neither of them should indorse the firm
name upon any promissory note, the answer was a general denial, and it
was proved that defendant indorsed the firm name on a promissory note
for the accommodation of a third person, in a matter not connected with
the firm business. *Held,* that in order to recover, plaintiff must prove
the agreement set out in the complaint, and was not entitled to recover
upon showing merely that the indorsement was made without the knowl-
edge or consent of defendant's co-partner.

APPEAL from a judgment of this court entered upon
the verdict of a jury.

The action was brought for the breach of a copartnership
agreement " that neither of the members of the copartner-
ship of A. Sinsheimer & Co. should indorse the firm name
aforesaid upon any promissory note." The copartners were
the defendant Galitzenstein and A. Sinsheimer, the plaintiff's
assignor. The answer was a general denial.

At the trial the jury found a verdict for defendant. From
the judgment entered upon the verdict plaintiff appealed.

*Wehle & Jordan,* for appellant.

*William G. Wilson,* for respondent.

J. F. DALY, J.—The assignor Sinsheimer swore that the
articles of copartnership were in writing, and contained a
provision prohibiting the members of the firm from signing
or indorsing notes with the firm name. The defendant
swore that there was no written copartnership agreement,
and that there was no agreement between the copartners
respecting the indorsement of the firm name on promissory
notes.

It was proved that the defendant indorsed, with the firm name, a promissory note for the accommodation of a third party, in a matter unconnected with the firm business. He swore that his act was authorized by his copartner, but the latter denied this.

In charging the jury the judge stated that the plaintiff could not recover unless there was an agreement, oral or written, prohibiting the copartners indorsing the firm name upon accommodation notes. He also refused to charge that the plaintiff was entitled to recover if the jury were satisfied that the indorsement was made without the knowledge or consent of Sinsheimer; and he charged that, while it was a general rule of law that no partner had the right to indorse the firm name upon accommodation notes, for purposes not connected with the copartnership business, yet in this case the plaintiff had alleged in his complaint a violation of certain articles of copartnership, and he cannot recover except upon proof that such articles of copartnership had been made and had been violated by the plaintiff. To the charge so made and the refusal to charge defendant excepted.

I think there was no error. The plaintiff alleged and was bound to prove the agreement set out in his complaint, viz.: that the copartners agreed that neither of them should indorse the firm name upon any promissory note. This was a different obligation from that which the learned judge charged the jury was implied in every copartnership, viz.: that no partner had the right to indorse the firm name upon accommodation notes for purposes not connected with the copartnership business. The cause of action pleaded was the breach of the former agreement. Plaintiff was not entitled to recover upon a different cause of action. The agreement alleged in the complaint would prohibit the copartners from indorsing promissory notes which were not accommodation notes and which were connected with the firm business. The consequences to defendant of a judgment establishing such an agreement might be serious; and such a judgment should not be rendered except upon proof

of a violation of the specific agreement alleged. The judgment must follow the pleading as well as the proof (*Wright v. Delafield*, 25 N. Y. 266).

The jury rendered a verdict for defendant, and this was in effect a finding that there was no such agreement as alleged in the complaint; for there was evidence of damage to plaintiff, and if the jury had been satisfied that there was such an agreement, they would have been bound to find for plaintiff. As the plaintiff failed to maintain the main issue it will be unnecessary to consider exceptions on the other questions.

The judgment should be affirmed, with costs.

ALLEN and BOOKSTAVER, JJ., concurred.

Judgment affirmed, with costs.